## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:   Jessalyn Marie Molero | Case No. 23-51606-KMS |
| Cody James Molero, Debtors | CHAPTER 13 |

### MOTION TO APPROVE LOSS MITIGATION
### (USDA MORTGAGE RECOVERY ADVANCE)

The Debtors, by and through counsel, file this Motion to Approve Loss Mitigation and state as follows:

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O).

1. Debtors own and reside at 12431 Old Kiln Road, Picayune, Mississippi 39466, which is encumbered by a mortgage serviced by Freedom Mortgage Corporation.
2. The loan was in default as of the petition date due to accumulated past-due principal, interest, escrow shortages, and related charges.
3. Freedom Mortgage evaluated Debtors for USDA loss mitigation and approved Debtors for a Standalone Mortgage Recovery Advance ("MRA") program. All other workout options were denied, including traditional loan modification and repayment plans.
4. The MRA is a non-interest-bearing advance made by Freedom Mortgage to bring the loan current. It does not modify the interest rate, maturity, or amortization of the original note and mortgage. Instead, Freedom Mortgage advanced funds to cure the delinquency and escrow shortage and added the amount to the loan as a non-interest-bearing recoverable balance, payable only at maturity, refinance, sale, or payoff of the mortgage.
5. As of December 24, 2025:
    a. Past-due principal & interest (6 payments) $5,800.88
    b. Other past-due amounts (escrow, etc.) $6,629.80
    c. Total past-due amounts $10,430.68
    d. Suspense funds credit $(1,602.90)
    e. Mortgage Recovery Advance $8,827.78

This advance returned the loan to current status, with a principal balance of $122,573.71.

6. Beginning February 1, 2026, Debtors must resume regular monthly mortgage payments of $1,087.63 per month (including escrow). The MRA itself does not require monthly payments and does not accrue interest.

7. Prior to execution of the MRA, Debtors were required to make three trial payments of $1,091.08 on September 1, 2025, October 1, 2025, and November 1, 2025. After successful completion, Freedom Mortgage issued and executed the MRA Agreement.

8. Because the Debtors are in bankruptcy, the MRA Agreement expressly requires Bankruptcy Court approval before it becomes effective. This loss mitigation cures all pre-petition and post-petition mortgage arrears; prevents foreclosure; preserves the debtors' residence; requires no lump-sum cure payment; and does not impair the secured creditor's lien. Approval is in the best interest of the Debtors and the estate.

WHEREFORE, the Debtors request entry of an Order approving the USDA Mortgage Recovery Advance; authorizing Freedom Mortgage to apply the $8,827.78 MRA to cure all arrears and escrow shortages; authorizing Debtors to resume monthly mortgage payments of $1,087.63 beginning February 1, 2026; and granting all further relief as may be just.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MS Bar No. 103469)

Of Counsel:
Thomas C. Rollins, Jr.
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

## CERTIFICATE OF SERVICE

     I, Thomas C. Rollins, Jr., certify that an accurate copy of the Motion to Approve Loss Mitigation was filed on CM/ECF this day and that the Chapter 13 Case Trustee and U.S. Trustee are registered to receive electronic notice in this case. The date of said notice is reflected on the Docket.

                                                                 /s/ Thomas C. Rollins, Jr.
                                                                 Thomas C. Rollins, Jr. (MSBN 103469)